IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

      Plaintiff,                     No. 2:11-cv-3341-JAM-JFM (PC)

    vs.

MARC ELIA, *et al.*,

      Defendants.              <u>ORDER</u>

                              /

         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On March 19, 2012, the court screened plaintiff's complaint, found it to state a claim as to a number of defendants, and directed the United States Marshal to serve the defendants. Pending before the court is defendants' motion to dismiss. Plaintiff, however, did not file an opposition or statement of non-opposition to the motion to dismiss. Accordingly, on October 1, 2012, plaintiff was ordered to file a response on or before November 1, 2012.

         Plaintiff has now filed a request for a 30-day extension of time to file an amended complaint in response to this court's order. The court, however, did not direct plaintiff to file an amended complaint. Nonetheless, the court will construe plaintiff's request as a request to file an amended complaint.

         Where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because the defendants here have not given written consent, the court is directed to freely give

1

leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); <u>Jones v. Bates</u>, 127 F.3d 839, 847 n.8 (9th Cir. 1997); <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 185 (9th Cir. 1987). "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities.'" <u>DCD Programs</u>, 833 F.2d at 186 (quoting <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981)). Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality" insofar as the motion to amend is not sought in bad faith, does not cause undue delay, does not cause the opposing party undue prejudice, and does not constitute an exercise in futility. <u>Id.</u> Because the court finds that there is no undue delay, bad faith, or futility in plaintiff's request for leave to amend, the court will grant plaintiff's request and deny defendants' motion without prejudice to allow them an opportunity to respond to the amended complaint. In preparing his amended complaint, plaintiff is directed to be mindful of the arguments raised in defendants' motion to dismiss.

       Based on the foregoing, IT IS HEREBY ORDERED that:

       1. Defendants' July 31, 2012 motion to dismiss is denied without prejudice;

       2. Plaintiff's motion for an extension of time is granted; and

       3. Plaintiff shall file an amended complaint within thirty days of the date of this order.

DATED: October 16, 2012.

                                            /s/ John F. Moulds
                                    UNITED STATES MAGISTRATE JUDGE

/014;aver3341.amend