IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

      Plaintiff,                    No.  2: 11-cv-3341 JAM JFM (PC)

   vs.

MARC ELIA, et al.,

      Defendants.            <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding *pro se* with a civil action pursuant to 42 U.S.C. § 1983. On March 19, 2012, the court determined that service of plaintiff's original complaint was appropriate on defendants Marc Elia, T. Virga, Lt. Konrade, Captain R. Carter and Chaplain Bill Goekee. (<u>See</u> Dkt. No. 4 at p. 2.) These defendants subsequently filed a motion to dismiss. (<u>See</u> Dkt. No. 19.) Thereafter, plaintiff filed a request for an extension of time to file an amended complaint. (<u>See</u> Dkt. No. 20.) On October 17, 2012, defendants' motion to dismiss was denied without prejudice and plaintiff was given thirty days to file an amended complaint. (<u>See</u> Dkt. No. 22.)

      On November 1, 2012, plaintiff filed a motion for designation of class action, motion to appoint counsel and request for class status. (Dkt. No. 23.) Attached to plaintiff's motion is his amended complaint. (<u>See</u> <u>id.</u> at p. 2-41.)

1

1    Plaintiff's motion for a designation of class action will be denied. It is well
2 established that a pro se plaintiff may not bring a class action on behalf of other inmates. See
3 Simon v. Hartford Life, Inc. 546 F.3d 661, 664-65 (9th Cir. 2008) (citations omitted); Oxendine
4 v. Williams, 509 F.2d 1405 (4th Cir. 1975).
5    Plaintiff also requests the appointment of counsel. The United States Supreme
6 Court has ruled that district courts lack authority to require counsel to represent indigent
7 prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).
8 In certain exceptional circumstances, the court may request the voluntary assistance of counsel
9 pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);
10 Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court
11 does not find the required exceptional circumstances. Plaintiff's motion for the appointment of
12 counsel will therefore be denied.
13    Plaintiff's amended complaint states that he is no longer bringing claims against
14 defendant Bill Goekee. (See Dkt. No. 23 at p. 7.) Thus, Bill Goekee is no longer a defendant in
15 this case and he will be dismissed as a defendant in light of plaintiff's representations as stated in
16 his amended complaint.
17    The amended complaint states a cognizable claim for relief pursuant to 42 U.S.C.
18 § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the amended complaint are proven,
19 plaintiff has a reasonable opportunity to prevail on the merits of this action. Accordingly,
20 defendants Marc Elia, T. Virga, Lt. Konrade, Captain R. Carter will be ordered to respond to the
21 amended complaint.
22    The amended complaint also names three new potential defendants; Sgt. Jones,
23 Correctional Officer Huggins and the CDCR Secretary.[1] Service of the amended complaint is
24

---

25    [1] Plaintiff does not give the specific name of the Secretary of the CDCR in his amended complaint. However, the court takes judicial notice that Dr. Jeffrey Beard was appointed the new
26 Secretary of CDCR on December 27, 2012. See

appropriate on these three defendants.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's motion for designation of class action and motion to appoint counsel (Dkt. No. 23.) are DENIED.

        2. The Clerk shall docket pages 2-41 of Dkt. No. 23 as plaintiff's amended complaint.

        3. Defendants Elia, Virga, Konrade and Carter shall file a response to the amended complaint which is attached to Dkt. No. 23 within thirty (30) days of the date of this order.

        4. Defendant Bill Goekee is dismissed as a defendant.

        5. Service of the amended complaint (<u>See</u> Dkt. No. 23 at p. 2-41) is appropriate on Sgt. Jones, Correctional Officer Huggins and Dr. Jeffrey Beard.

        6. The Clerk of the Court shall send plaintiff 3 USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed on November 1, 2012 which can be found at pages 2-41 of Dkt. No. 23.

        7. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        a. The completed Notice of Submission of Documents;

        b. One completed summons

        c. One completed USM-285 form for each defendant listed in number 3 above; and

        d. four copies of the amended complaint filed November 1, 2012.

        8. Plaintiff need not attempt service on the three additional defendants listed in number 3 above and need not request waiver of service. Upon receipt of the above-described

---

http://www.cdcr.ca.gov/About_CDCR/Secretary.html (last visited on January 15, 2013).

1  documents, the court will direct the United States Marshal to serve the above-named defendants
2  pursuant to Federal Rule of Civil Procedure 4 without payment of costs.
3  DATED: January 17, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

14
aver3341.classden

1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT
9                      FOR THE EASTERN DISTRICT OF CALIFORNIA
10   KYLE AVERY,
11             Plaintiff,                    No. 2: 11-cv-3341 JAM JFM (PC)
12        vs.
13   MARC ELIA, et al.,                      NOTICE OF SUBMISSION OF DOCUMENTS
14             Defendants.
15   _____/
16             Plaintiff hereby submits the following documents in compliance with the court';s
17   order filed _____:
18
19                   _____     completed summons form
20                   _____     completed USM-285 forms
21                   _____     copies of the amended complaint
22   DATED:
23                                           _____
                                             Plaintiff
24
25
26