UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE AVERY, | No. 2:11-cv-3341 JAM JFM (PC) |
| Plaintiff, | |
| v. | ORDER |
| MARC ELIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.

On August 7, 2013, the court ordered defendant Huggins to reimburse the United States Marshals Service ("USM") for personal service of process under Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless he filed a written statement showing good cause for his failure to waive service. ECF No. 41. Defendant Huggins failed to either reimburse the USM within fourteen days, or file a written statement showing good cause.

On September 17, 2013, the court issued an order to show cause directing defendant Huggins to show cause why default should not be entered. ECF No. 43. On October 8, 2013, defendant Huggins filed a response to the order to show cause requesting that default not be entered because, among other things, he has now appeared in this action. ECF No. 47 at 2. Good cause having been shown (see ECF No. 47), the September 17, 2013 order to show cause (ECF

1

1  No. 43) will be discharged.

2  With regard to reimbursement for effecting personal service, Rule 4(d)(1) imposes a duty
3  on defendants "to avoid unnecessary expense of serving the summons." Rule 4(d)(2) requires
4  that the court tax costs of service of process on any defendant who fails to show good cause for
5  failing to sign and return a timely waiver of service.

6  While defendant Huggins does not specifically address reimbursement in his response to
7  the order to show cause, to the extent he asks to be excused from reimbursing the USM on the
8  grounds that his waiver was not returned because the California State Prison-Sacramento staff did
9  not have his current mailing address, this request is without merit. Huggins' failure to return the
10 waiver was due to an oversight that was not beyond his control, and therefore does not support a
11 finding of good cause. See Advisory Notes to 1993 Amendments, Rule 4 (a finding of "sufficient
12 cause should be rare"). Huggins indicates that the California State Prison-Sacramento office
13 received a request for waiver of service in late February or early March 2013, and that the office
14 was not personally served until July 23, 2013. ECF No. 47-1 at 2. The court will not deny the
15 USM reimbursement on the grounds that defendant Huggins failed to update his mailing address
16 with the California State Prison-Sacramento staff when months went by without the staff
17 obtaining updated contact information for Huggins. Huggins could have easily avoided the costs
18 of personal service if he had provided an updated address to the California State Prison-
19 Sacramento office when he moved from California to Texas.

20 Accordingly, it is hereby ordered that:

21 1. The September 17, 2013 order to show cause (ECF No. 43) is discharged;

22 2. Within 14 days from the date of service of this order, defendant Huggins shall pay to
23 the United States Marshal the sum of $69.13 for effecting personal service on defendant Huggins;
24 and

25 3. The Clerk of the court shall serve a copy of this order on the U.S. Marshal.

26 Dated: October 25, 2013

27                                   _____
                                     CAROLYN K. DELANEY
28 aver3341.taxcost(2)               UNITED STATES MAGISTRATE JUDGE

2