UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE AVERY, | No. 2:11-cv-3341 JAM CKD (PC) |
| Plaintiff, | |
| v. | ORDER |
| MARC ELIA, et al., | |
| Defendants. | |

On July 25, 2013, the United States Marshals Service ("USMS") filed a request for an order for reimbursement of $69.13 for effecting personal service on defendant Huggins. On August 7, 2013, the court ordered defendant Huggins to reimburse the USMS for personal service of process because he failed to waive service. ECF No. 41. Defendant Huggins failed to comply with the court's order. On September 17, 2013, the court ordered defendant Huggins to show cause why default should not be entered. ECF No. 43. On October 8, 2013, defendant Huggins filed a response to the order to show cause requesting that default not be entered because he ultimately appeared in this action on September 19, 2013. ECF No. 47; see also ECF No. 44. On October 25, 2013, the court again ordered defendant Huggins to pay the USMS the sum of $69.13 within fourteen days and discharged the order to show cause. ECF No. 49. Apparently defendant Huggins failed to pay the sum as on February 25, 2014, the USMS filed a request for payment of the $69.13 fee. ECF No. 60.

1

It has now been more than four months since the court ordered defendant Huggins to pay the USMS for effecting service, and it appears defendant Huggins has failed to comply with the court's order.  Therefore, defendant Huggins shall be ordered to pay the USMS the sum of $69.13 and show cause why sanctions should not be imposed for noncompliance with the court's order, pursuant to Local Rule 110.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Within ten days from the date of this order, defendant Huggins shall pay the United States Marshals Service the sum of $69.13 for effecting personal service and file proof of payment with the court, or file proof that payment was previously submitted to the United States Marshals Service;

2. Defendant Huggins show cause in writing, within ten days from the date of this order, why sanctions should not be entered for failure to comply with the court's order; and

3. The Clerk of the Court shall serve a copy of this order on the U.S. Marshal.

Dated:  March 3, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

aver3341.osc

---

[1] Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."